UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FRED JOHNSON (#133017)**

**VERSUS**

**CHARLES GOODEN**

CIVIL ACTION

NO. 20-118-JWD-RLB

## RULING

Before the Court are the plaintiff's Motion to Preserve Camera Footage (R. Doc. 12), Petition for Temporary Restraining Order and for Rule for Preliminary Injunction (R. Doc. 13), Application for Preventative/Preliminary Injunction (R. Doc. 14), Motion to Set Hearing Date (R. Doc. 15) and Motion to Hold Defendant in Contempt (R. Doc. 29). These Motions all concern, in part, preservation and production of video footage dated August 21, 2019 obtained from surveillance or body cameras capturing the alleged incident in the CBD Lower Right shower area.

In response to the plaintiff's Motions defendant asserts that pursuant to the prison's retention policy any such footage was destroyed after 30 days. *See* R. Doc. 17. The portion of the retention policy retention policy referenced by defendant (R. Doc. 17-7, p. 20) provides that "Shaker fence surveillance video recordings" shall be retained in office for a period of 30 days.

Such recordings, which seem to pertain to alarm triggered surveillance on perimeter fences, are not the type of footage being requested by the plaintiff. The portion of the retention policy pertaining to security records (R. Doc. 17-7, p. 12, Item Number 3) provides that such records shall be retained, in office, for the remainder of the fiscal year in which the record was created, and in storage for two additional fiscal years. As such, it appeared that the requested footage from August 21, 2019 should have still be in storage, and the defendant was ordered to

produce a copy of the same or show cause why such footage could not be produced.  *See* R. Doc. 22.

The defendant responded that while the footage had not been destroyed, it had possibly been recorded over due to storage limitations and had only been retained for a limited period of time.  *See* R. Doc. 24.  The defendant was subsequently ordered to: 1) produce copies of all policies, procedures, or memorandums pertaining to security footage; (2) identify the person or persons responsible for management of security footage; (3) define "limited period of time" as used in Record Document 24; (4) ascertain whether the requested footage can be recovered and relay this information to the Court; and (5) produce all policies and procedures pertaining to electronically stored information.  *See* R. Doc. 25.

The defendant produced the requested documents and informed the Court that the footage would have been retained for 30 days and then recorded over.  For the footage to have been preserved, a request for the same would have had to have been made within the 30 day period.  Since no request was received, the footage was recorded over and it cannot be recovered.  *See* R. Doc. 27.

The defendant has made a good faith effort to comply with the Orders of this Court. Ultimately it appears that the requested security footage cannot be produced because it was recorded over and cannot be recovered.  As such, the Court cannot grant the plaintiff with the relief he requests for preservation of the footage.

As to the plaintiff's allegations that the defendant has retaliated against him for filing this proceeding, such claims are not exhausted.  If plaintiff wishes to pursue such additional claims, he may file a new lawsuit asserting those claims after he has exhausted his administrative remedies as required by federal law.  Accordingly,

**IT IS ORDERED** that the plaintiff's Motions (R. Docs. 12, 13, 14, 15, and 29) are **DENIED**.

Signed in Baton Rouge, Louisiana, on December 1, 2020.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**