UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FRED JOHNSON (#133017)**                                          CIVIL ACTION

**VERSUS**                                                                              NO. 20-118-JWD-RLB

**CHARLES GOODEN**

ORDER

Before the Court are the plaintiff's Motion for Sanctions (R. Doc. 43) and Motion for Summary Judgment (R. Doc. 44), wherein the plaintiff seeks sanctions and other relief against the defendant and Attorney Kendale Thompson. The Motions are opposed. *See* R. Docs. 45 and 46.

The plaintiff asserts that Thompson falsely stated in a denial to a Request for Admission that the plaintiff was unrestrained after being placed in the shower cell. *See* R. Doc. 40, Response to Request for Admission No. 2. Since defendant Gooden did not state in his Unusual Occurrence Report that the plaintiff was released from his restraints, the plaintiff asserts that the defendant's discovery response is false. Due to the allegedly false denial, the plaintiff seeks sanctions and for summary judgment to be entered in his favor.

The Federal Rules provide two avenues for challenging a party's answer to a request for admission: Rule 36(a)(6), which addresses the *form* of the answer, and Rule 37(c)(2), which addresses the answer's factual *accuracy:*

> ***Motion Regarding the Sufficiency of an Answer or Objection.*** The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses. Fed. R. Civ. P. 36(a)(6).

*Failure to Admit.* If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
    (A) the request was held objectionable under Rule 36(a);
    (B) the admission sought was of no substantial importance;
    (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
    (D) there was other good reason for the failure to admit.
Fed. R. Civ. P. 37(c)(2).

The plaintiff has not identified any provision of the Federal Rules allowing a party to litigate a denied request for an admission at this stage of the proceedings. The plain language of Rule 37 permits a Court to award sanctions only after the requesting party has proved the matter at issue. Rule 36(a)(6), by contrast, addresses the form of the answer or objection, not to its substance, and therefore does not authorize a Court to inquire into the substantive accuracy of the denial.

The advisory notes confirm this reading of Rules 36 and 37. Once the requesting party receives an answer "in proper from, Rule 36 does not provide for a pretrial hearing on whether the response is warranted by the evidence thus far accumulated." 1970 Advisory Committee's Note, Fed. R. Civ. P 37. "Instead, Rule 37(c) is intended to provide posttrial relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial." *Id.* Accordingly,

**IT IS ORDERED** that the plaintiff's Motions (R. Docs. 43 and 44) are **DENIED**.

Signed in Baton Rouge, Louisiana, on March 17, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**